Judge Underwood
delivered the Opinion of the Court.
This is an action of covenant, instituted by Webb, as Relator, upon the official bond of Chambers, as Clerk of the ’ f ’ Scott circuit court.
The breach assigned is, that Chambers, in making out a record for this court, “ did not transcribe certain writings upon file in the suit, and which had been usedasevi-dence upon the trial thereof, and constituted a part of the record.”
The writings alluded to, consist of various receipts and fee bills, numbered from 72 to 100, inclusive.
The suit in which it is alleged these papers should have been copied into the record, for the use of the ap-pelate court, was instituted by the heirs and distributees of William S. Webb against the Relator, as the administrator.
The court delivered an opinion in the cause which may be found in 6 Mon. 163.
Clerk failing to insert in a complete transcript of a record, any thing properly belonging to it, commits a breach of his bond.
Papers put with those belonging to a cause, but not made exhibits by the pleadings, nor read upon the trial, are no part of ■Jhe record.
Admissions of' items of account, before a-commissioner, should appear-in proof.
It is contended for the Relator, that the failure of th& clerk to copy the vouchers numbered as above, deprived him of evidence which would have satisfied this court that he has expended as administrator, for his intestate, two hundred and eighty-four dollars and sixty-three and a half cents, and that his credit,in settlement of the accounts of his administration, would have been enlarged by an. amount equal to-that sum, if the vouchers had been- copied.
The only inquiry of consequence is, did the papers numbered as above constitute a part of the record ? If they did, then Chambers committed a breach of his official-bond in failing to transcribe them in making out the record for this court.
We are of opinion that said papers were not a part of the record; and consequently it was not the duty of Chambers to copy them in the transcript designed for the use of this court. They were not made exhibits in any part of the pleadings. They were not read upon the trial of the capse in the circuit court. •
The accounts were referred to an auditor, or commissioner, for settlement. His report, so far as the items upon which the papers aforesaid could operate, was in these words, after staling charges against the Relator, amounting to four thousand sixty-six dollars, two cents — u Contra. 2nd. For monies paid in discharge of debts, costs, &c. $284 63| cents.”
The commissioner was not directed to* report the evidence upon which .his statements were based. He is altogether silent in regard to the vouchers. It appear» that the relator had the benefit of the commissioner’s Report, both in the circuit court and in this, so* far as it was worth any thing to him.
Under the foregoing facts, we do not perceive the ground upon which the clerk was bound to notice the contents of a bundle- of papers thrust intothe cause, and, for ought that appears, not used by the parties on the trial. These papers constituted no evidence, per se, of legitimate charges against the estate of the intestate in. favor of the administrator.
It is said that their justness was acknowledged before the commissioner, and other proof dispensed with.
*13 That fact should have appeared by proof. It was not made to appear in the suit between the distributees and administrator.
Judgment affirmed, with costs.